UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES HOUSE,<br><br>    Defendant. | Case No. 14-cr-00329-SI-1<br><br>**ORDER GRANTING THE GOVERNMENT'S RENEWED APPLICATION FOR A PRELIMINARY ORDER OF FORFEITURE; ISSUING RESTRAINING ORDER; DENYING MOTIONS TO INTERVENE AND STAY**<br><br>Re: Dkt. Nos. 49, 51 |

On June 1, 2018, the Court held a hearing regarding the government's renewed application for a preliminary order of forfeiture, the government's request for a restraining order, and the motion to intervene and stay filed by 101 Houseco LLC, Ananda Partners I, and 114 Park Lane Santa Rosa LLC.

Having considered the renewed application for a preliminary order of forfeiture filed by the United States and the plea agreement entered on July 18, 2014, wherein the defendant admitted to the forfeiture allegation, and good cause appearing,

IT IS HEREBY ORDERED that the following property is preliminarily forfeited to the United States:

- Real Property located at 3751 Sebastopol Road, Santa Rosa, California, APNs 035-920-001 through 035-920-048, inclusive, 035-930-001 through 027, inclusive, 035-940-001 through 026, inclusive, 035-950-001 through 013, inclusive, and 035-880-008 (commonly referred to as the "Park Lane Villas East"), including all interest and appreciation accrued thereon;

- forfeiture money judgment against defendant James House in the amount of $12,270,000, to be credited with the net proceeds from the successful forfeiture and sale of the Park Lane Villas East in this case pursuant to 18 U.S.C. §§ 982(a)(2)(a)

and 982(a)(1) and the procedures outlined in Rule 32.2 of the Federal Rules for Criminal Procedure and 21 U.S.C. § 853.

IT IS FURTHER ORDERED that the United States, through its appropriate agency, shall publish on www.forfeiture.gov, a government website, the following information for at least 30 days: (1) this Order; (2) notice of the government's intent to dispose of the property in such manner as the Attorney General may direct; and (3) notice that any person, other than the defendant, having or claiming a legal interest in the property, must file a petition with the Court and serve a copy on government counsel, David B. Countryman, Assistant United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.[1]

IT IS FURTHER ORDERED that the government may conduct discovery in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Rule 32.2(b)(3) of the Federal Criminal Rules of Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. It is the Court's expectation, based upon the government's representation at the hearing, that the forfeiture proceedings will not delay defendant's sentencing and that defendant's sentencing will proceed in the normal course.

---

[1] 101 Houseco, LLC, Ananda Partners I, and 114 Park Lane Santa Rosa LLC seek to intervene to oppose the immediate seizure of PLV East and they seek a stay of any such seizure until the forfeiture proceedings have concluded. At the hearing, the government stated that it was not seeking the immediate seizure of PLV East, and this order does not authorize such a seizure.
 21 U.S.C. § 853(k) bars third parties from intervening in criminal forfeiture. Any third party claiming an interest in the property subject to forfeiture may petition the Court for an ancillary hearing to assert a legal interest in the property. *Id*. § 853(n)(2). The proposed intervenors do not cite any authority that would permit them to intervene in this case as opposed to filing petitions under 21 U.S.C. § 853(n)(2). The case upon which the intervenors rely, *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1990), involved civil forfeiture and a situation where the government forfeited real property without providing the owner notice or an opportunity to contest the forfeiture. Accordingly, the motion to intervene is DENIED, and the movants may file petitions under 21 U.S.C. § 853(n)(2) asserting their interests in the property subject to the preliminary order of forfeiture.

The Court will issue a separate restraining order regarding the Park Lane Villas East.

**IT IS SO ORDERED**.

Dated: June 5, 2018

_____
SUSAN ILLSTON
United States District Judge